**Sazzad Ahmed BIPU; Farhana Ahmed; Suhaimi Jubair Ahmed, Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–71770.

United States Court of Appeals, Ninth Circuit.

Submitted on briefs Feb. 17, 2005.\*\*

Decided April 27, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bob S. Platt, Esq., Law Office of Bob Platt, Granada Hills, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David Dauenheimer, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD and WARDLAW, Circuit Judges, and COLLINS,*** District Judge.

*** The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

MEMORANDUM ****

Sazzad Ahmed Bipu and his wife, Farhana Ahmed, are natives and citizens of Bangladesh. Their son, Suhaimi Jubair Ahmed, is a native and citizen of Malaysia. Bipu and his family as co-petitioners appeal the denial of their petition for asylum, withholding of deportation, and protection under the United Nations Convention Against Torture ("CAT"). We deny their petition.

■ "In order to establish deportability under Section 1251(a)(19), the individual must be found to have participated or assisted the organization in persecutorial acts." *Laipenieks v. INS,* 750 F.2d 1427, 1435 (9th Cir.1985) (emphasis omitted). The government must also prove by clear and convincing evidence that the individual persecuted others, or at least that his acts led to the persecution of others, because of political belief. *Id.* There is substantial evidence to support the Immigration Judge's ("IJ") determination that Bipu had persecuted others. Significantly, Bipu himself admitted that he engaged in the persecution of villagers on at least one occasion. Bipu testified that as a second lieutenant in the Bangladeshi Army, assigned to a rural area in Bangladesh, he and his troops were ordered to intimidate the local villagers into voting for the Bangladesh Nationalist Party ("BNP"). Bipu admitted to torturing villagers on at least one occasion and further testified that he was present on other occasions when his troops tortured villagers and he did nothing to prevent it. Bipu was issued a uniform and armed with a weapon; he was paid by the military and had high ranking;

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and he was ordered to intimidate local villagers in an effort to force them to vote for the BNP.

 The Convention Against Torture as applied in the United States provides that the government will not "expel, return . . . or extradite" a person to another country "where there are substantial grounds for believing that he would be in danger of being subjected to torture." *Khourassany v. INS*, 208 F.3d 1096, 1099 (9th Cir.2000) (internal quotation omitted); *see also Al–Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir.2001). Findings made by the Board of Immigration Appeals ("BIA")[1] are reviewed under the deferential substantial evidence standard and will be upheld unless the evidence compels a contrary result. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir.2004). There is substantial evidence that changed country conditions make it unlikely that Bipu would face torture in Bangladesh if he were to return. The U.S. State Department Country Conditions Profile indicates that the Awami League is now in a coalition government and the BNP is no longer in power. This is consistent with testimony offered by some of Bipu's witnesses that the BNP is no longer the controlling party and the military is not as involved as it once was in the political aspects of the country. Bipu has not presented evidence that would compel the reversal of the IJ and BIA.

As Bipu himself testified to his participation in the persecution of others and has not presented any evidence that compels a contrary result to the finding that changed country conditions make it unlikely that he will face torture, the BIA's decision is affirmed.

PETITION DENIED.

---

1. The BIA affirmed the IJ's decision without opinion. When the BIA does not perform an independent review of the IJ's decision and instead defers to the IJ, we review the IJ's decision. *See Khup v. Ashcroft,* 376 F.3d 898 (9th Cir.2004). To the extent that the BIA incorporates the IJ's decision as its own, we treat the IJ's statements of reasons as those of the BIA. *See Gonzalez v. INS,* 82 F.3d 903, 907 (9th Cir.1996).

